FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CONNIE S.,[1]

               Plaintiff,

     v.

LELAND DUDEK, Acting
Commissioner of Social Security,[2]

               Defendant.

No.   1:24-cv-3192 -EFS

**ORDER AFFIRMING THE ALJ'S DECISION**

       Plaintiff Connie S. asks the Court to reverse again the Administrative Law Judge's (ALJ) denial of Title 2 and Title 16 benefits for the period from October 1, 2018, to September 19, 2020. Plaintiff argues that the ALJ's step-five finding is not supported by substantial evidence because the vocational expert's testimony was

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Leland Dudek has been named the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), he is hereby substituted as the Defendant.

based on incomplete and stale information. As is explained below, the ALJ's decision is supported by substantial evidence; therefore, the ALJ's decision is affirmed.

## I.    Background

Plaintiff filed Title 2 and Title 16 applications seeking benefits beginning October 1, 2018. In 2021, ALJ Richard Hlaudy found Plaintiff disabled under Title 16 after her 55th birthday in September 2020 but did not find her disabled between her alleged onset date and her 55th birthday.[3] After the Appeals Council declined review, Plaintiff appealed in federal court the denial of benefits under Title 2 and partial denial of benefits under Title 16.[4] This Court found the ALJ's step-five finding was not supported by substantial evidence because the vocational expert did not explain whether the step-five jobs would be eroded if Plaintiff was limited to two-hours of standing and walking.[5]

On remand, a second administrative hearing was held, at which a vocational expert testified. Thereafter, the ALJ issued a decision, again denying Plaintiff's

---

[3] AR 17–29. The Medical-Vocational Guidelines Rule 202.06 directed a finding of disability as of Plaintiff's 55th birthday, rendering her eligible for benefits under Title 16 but not under Title 2 because her date last insured was September 30, 2019, which was before her 55th birthday on September 20, 2020.

[4] AR 1–6, 635–37.

[5] AR 638–50 (E.D. Wash. No. 22-cv-5019-EFS).

claims for disability prior to her 55th birthday.[6] Based on the Plaintiff's physical and mental medical impairments, the ALJ determined that Plaintiff had the RFC to perform light work except:

> she can only stand and/or walk for 2 hours in an 8-hour workday, so she would need to alternate at will between sitting and standing throughout the day. She can perform all postural activities occasionally (postural activities defined in the DOT and SCO), but she could never climb ladders, ropes, or scaffolds. She is limited to simple, routine, tasks with occasional interaction with coworkers and occasional superficial interaction with the public.[7]

The ALJ found that Plaintiff had no past relevant work. At step five of the disability evaluation, the ALJ found, considering Plaintiff's RFC, age, education, and work history, that she could perform work that existed in significant numbers in the national economy, such as: assembler, small products I (DOT code 706.684-022); sub-assembler (DOT code 729.684-054); and router (DOT code 222.587-038).[8]

Plaintiff timely appealed the ALJ's decision to this Court.[9]

---

[6] AR 565–81. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[7] AR 575. Although worded differently, this is effectively the same RFC that the prior ALJ crafted.

[8] AR 580.

[9] See 20 C.F.R. §§ 404.981, 422.201.

DISPOSITIVE ORDER - 3

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error" and such error impacted the nondisability determination.[10] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11]

## III.    Analysis

Plaintiff argues the ALJ's step-five finding is not supported by substantial evidence because the vocational expert failed to explain how the three identified light-work jobs were truly light work, rather than sedentary work, and failed to base his testimony on timely vocational knowledge. In response, the Commissioner argues that the ALJ's step-five determination is supported by substantial evidence because the vocational expert's testimony was informative and reliable. As is explained below, the ALJ's step-five finding is supported by substantial evidence.

---

[10] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[11] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

1

2     **1.    Standard**

3     At step five, the ALJ considers the claimant's background and RFC, along

4     with the testimony of the vocational expert, to decide whether the claimant can

5     perform jobs that exist in significant numbers either regionally or nationally.[12] It is

6     the Commissioner's burden to identify occupations that exist in significant

7     numbers that the claimant can perform despite her identified limitations.[13]

8     The ALJ may turn to the *Dictionary of Occupational Titles* (DOT or

9     *Dictionary*) and/or vocational-expert testimony about occupational requirements

10    and the availability of the occupations.[14] If the vocational expert's "opinion that the

11    applicant is able to work conflicts with, or seems to conflict with, the requirements

12    listed in the DOT, then the ALJ must ask the expert to reconcile the conflict before

13    relying on the expert to decide if the claimant is disabled."[15] In addition, when a

_____

[12] 20 C.F.R. §§ 404.1520(g), 404.1560(c), 404.1566, 416.920(g), 416.960(c), 416.966;
*Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Hill*, 698 F.3d at 1161.

[13] 20 C.F.R. §§ 404.1520(g), 416.920(g); *Johnson v. Shalala*, 50 F.3d 1428, 1432 (9th
Cir. 1995).

[14] *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). *See* Social Security Ruling
(SSR) 00–4p, Titles II and XVI: Use of Vocational Expert and Vocational Specialist
Evidence, and Other Reliable Occupational Information in Disability Decisions
(rescinded by SSR 24-30 on Jan. 6, 2025).

[15] *Gutierrez v. Colvin,* 844 F.3d 804, 807 (9th Cir. 2016).

1    claimant's exertional limitations fall between a work range, i.e., sedentary and

2    light work, Social Security Ruling 83-12 provides:

> Where an individual exertional RFC does not coincide with the
> definitions of any one of the ranges of work as defined in sections
> 404.1567 and 416.967 of the regulations, the occupational base is
> affected and may or may not represent a significant number of jobs in
> terms of the rules directing a conclusion as to disability. The
> adjudicator will consider the extent of any erosion of the occupational
> base and access its significance. In some instances, the restriction will
> be so slight that it would clearly have little effect on the occupational
> base. . ..[16]

The testimony of a qualified vocational expert relating to job requirements or

the number of jobs existing in the national economy is presumed "inherently

reliable."[17] However, the ALJ cannot rely on a vocational expert's testimony if the

"expert's testimony lacks markers of reliability," or the testimony "is so feeble, or

contradicted, that it would fail to clear the substantial-evidence bar."[18] In such

circumstances, the ALJ must develop the record to ensure the reliability of the

vocational expert's testimony.[19]

---

[16] SSR 83-12: Titles II and XVI: Capability to Do Other Work—the Medical-

Vocational Rules as a framework for evaluating exertional limitations within a

range of work or between ranges of work.

[17] *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193–94 (9th Cir. 2022).

[18] *Ford*, 950 F.3d at 1159 (cleaned up).

[19] *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017).

1          2.     Vocational expert's testimony

2      The ALJ presented the vocational expert with the following hypothetical

3  RFC:

4          light work but limited to standing and walking two hours per day.
         And would need to alternate sitting and standing to accommodate
5          that limitation. By light work, I'm defining it as can lift 20 pounds
         occasionally and 10 pounds frequently. All postural conduct be
6          performed occasionally, but no ladders, ropes, or scaffolds. The
         individual is able to understand, remember, and carry out simple,
7          routine tasks. All interaction with the public and coworkers is limited
         to occasional and superficial.[20]

8  The vocational expert identified three light-work jobs that Plaintiff could perform

9  with this modified light-work RFC and estimated the number of jobs in the

10  national economy:

11      • assembler, small products I (about 20,000 full-time jobs)[21]

12

13  _____

14  [20] AR 597. This is effectively the same RFC that ALJ adopted in her decision.

15  [21] DOT code 706.684-022 defines assembler, small products I as:

16          Performs any combination of following repetitive tasks on assembly
         line to mass produce small products, such as ball bearings, automobile
17          door locking units, speedometers, condensers, distributors, ignition
         coils, drafting table subassemblies, or carburetors: Positions parts in
18          specified relationship to each other, using hands, tweezers, or tongs.
         Bolts, screws, clips, cements, or otherwise fastens parts together by
19          hand or using handtools or portable powered tools. Frequently works
         at bench as member of assembly group assembling one or two specific
20          parts and passing unit to another worker. Loads and unloads
         previously setup machines, such as arbor presses, drill presses, taps,
21          spot-welding machines, riveting machines, milling machines, or
         broaches, to perform fastening, force fitting, or light metal-cutting
22          operation on assembly line. May be assigned to different work stations
         as production needs require or shift from one station to another to
23          reduce fatigue factor. May be known according to product assembled.

DISPOSITIVE ORDER - 7

- subassembler (about 13,000 full-time jobs)[22]

- router (about 22,000 full-time jobs).[23]

The vocational expert testified that, although these three jobs are light-work, they are consistent with the hypothetical RFC, which limited the worker to two hours of standing/walking rather than the typical light-work six hours of standing/walking, because both the small-products-I-assembler and subassembler jobs are performed at bench height and thus the worker can utilize a stool and sit or stand as needed, and the router job allows a person to stand or sit at will.[24] Given how these jobs are performed, the vocational expert testified that the job numbers would not be eroded if the worker needed to rotate between sitting and standing when working.[25] The

---

[22] DOT code 729.684-054 defines subassembler as:

> Performs any of following tasks to assemble electrical equipment and parts, such as armature cores, coils, electric motors, and switches: Tapes lead wires to coils to facilitate soldering. Solders coil and lead wires, using soldering iron. Trims leads and positions parts in specified relationship to each other, using hands and handtools. Bolts, screws, clips, cements, and fastens parts together, using hands, handtools, or portable powered tools. May remove burrs from parts prior to assembly, using file or electric grinder.

[23] DOT code 222.587-038 defines router as: "[s]tamps, stencils, letters, or tags packages, boxes, or lots of merchandise to indicate delivery routes. Reads addresses on articles and determines route, using standard charts."

[24] AR 598.

[25] AR 598.

vocational expert testified that his knowledge relating to these jobs' functional requirements was based on his "knowledge, training and nearly 40 years of experience as a vocational consultant, where I've placed numerous clients into jobs, from labor market surveys and job analyses for that end."[26] Upon further questioning, the vocational expert stated that the DOT for each of these jobs had not been updated since at least 1979 or 1977.[27] The vocational expert conceded that it was likely that the jobs previously required more standing or walking than they do today and also today likely required less weight to be lifted.[28] The vocational expert testified that he had not done a labor market survey or job analyses about these three jobs in about ten years.[29]

### 3. Light work versus sedentary work

The distinction between light work and sedentary work is important here, because if Plaintiff can only perform sedentary work, she would be considered disabled through application of the Medical-Vocational Guidelines, as a person approaching advanced age.[30]

---

[26] AR 599.

[27] AR 599.

[28] AR 600–01.

[29] AR 601–02.

[30] *See* 20 C.F.R. pt. 404, subpt. P, app. 2 (treating a person who is closely approaching advanced age with no prior work experience as disabled).

Light work involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.[31]

In comparison, sedentary work involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.[32]

4.    Application

Plaintiff's step-five challenge is two pronged. First, Plaintiff argues that the vocational expert failed to explain why the three-identified jobs are not effectively sedentary jobs if the worker may perform work tasks either sitting or standing. Second, Plaintiff argues the vocational expert's testimony regarding how the jobs are performed, i.e., that a worker may rotate between sitting and standing, is not supported by substantial evidence, because the vocational expert's basis for such testimony is based on decade-old information.

---

[31] 20 C.F.R. § 404.1567(b).

[32] *Id.* § 404.1567(a).

As to Plaintiff's first argument, that these three jobs should not still be considered light work if the worker is alleviated from the light-work requirement of standing/walking for six hours, the Court finds otherwise. The ALJ satisfied her duty and obtained testimony from a vocational expert to resolve the conflict between the DOT and the RFC. The vocational expert testified that the tasks for these light-work jobs can be performed by a worker who rotates between sitting and standing. Plaintiff argues the vocational expert's testimony is insufficient to support the ALJ's step-five finding because there was no testimony that these jobs require pushing and pulling of arm or leg controls and therefore since the worker is also not required to stand/walk for more than six hours, these are not light-work jobs, but rather sedentary jobs. But this argument fails to account that a job can fall between a range of work: here, falling between light work and sedentary work.[33] When that happens, such as here, the ALJ must "consider the extent of any erosion of the occupational base [by consulting with a vocational resource] and access its significance. In some instances, the restriction will be so slight that it would clearly have little effect on the occupational base."[34] Consistent with SSR 83-10 and the Court's prior remand, the ALJ satisfied her duty to consider the erosion of the occupational base by questioning the ALJ as to whether Plaintiff could perform the three identified tasks if limited to standing/walking for two hours. The

---

[33] SSR 83-10.

[34] *Id.*

DISPOSITIVE ORDER - 11

vocational expert answered affirmatively, explained there was no erosion on the occupational base for these three jobs, and adequately explained his answer. Thus, it was reasonable for the ALJ to still consider these three jobs as light work, rather than sedentary work, based on the DOT job descriptions for each of these jobs, along with the testimony of the vocational expert, who has more than 40 years of vocational experience.[35]

As to Plaintiff's second argument, Plaintiff highlights that in April 2024 20 C.F.R. § 404.1565 was amended to shorten the time span for which a claimant's past work is considered relevant at step four, from 15 years to 5 years from the date of adjudication.[36] In response, the Commissioner argues that the revised

---

[35] *See Mix v. Saul*, 843 Fed. App'x 978, 980 (9th Cir. Apr. 15, 2021) (unpublished opinion) (affirming the ALJ's step-five finding because the vocational expert identified a substantial number of jobs that the claimant could do even if with changing position between sitting and standing every 45 minutes); *Schwandt v. Berryhill*, 926 F.3d 1004, 1013 (8th Cir. 2019) (recognizing that a "two-hour standing restriction is not an absolute bar to performing 'light work'"); *Blankenship v. Comm'r of Soc. Sec.*, 624 Fed. App'x 419, 429 (6th Cir. 2015) (recognizing that there need not be "an either/or dichotomy between light work and sedentary work").

[36] The new language provides:

> Work experience means skills and abilities you have acquired through work you have done which show the type of work you may be expected

regulation, which relates to past-work experience, does not undermine the evidentiary value of the vocational expert's testimony bearing on job requirements and numbers.

Here, the recent change to § 404.1565 does not aid Plaintiff. The shortening of the relevant period for past relevant work does not lessen the reliability or relevancy of the vocational expert's testimony relating to whether the three identified jobs allow Plaintiff flexibility between sitting and standing when performing work tasks. Although the vocational expert testified that he had not done a national labor market survey or a job analysis relating to the three identified jobs in about ten years, there is no dispute that the vocational expert was working in the vocational field for more than 40 years. Most recently, the vocational expert's resume indicates that from 1986 to 2021 he managed a vocational rehabilitation firm that helped injured employees, conducted ergonomic assessments, and prepared vocational assessments.[37] Given the vocational expert's extensive background creating workplace solutions for injured employees and

---

to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last five years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did more than five years before the time we are deciding whether you are disabled applies.

20 C.F.R. § 404.1565(a) (2024).

[37] AR 826–27.

workplace assessments for employers, the ALJ reasonably relied on the vocational expert to provide testimony with respect to the physical demands of the three at issue jobs and such testimony was reliable.

## IV.    Conclusion

Plaintiff fails to establish that the ALJ erred. The ALJ's nondisability finding for the period of October 1, 2018, to September 19, 2020, is supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **AFFIRMED**.

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 10**, enter **JUDGMENT** in favor of the **Commissioner**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 9th day of April 2025.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge